IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WEST VIRGINIA LABORERS' PENSION
TRUST FUND, et al.,
    Plaintiffs,

v.                                   CIVIL ACTION NO. 2:09-cv-00722

ELK RIVER PIPELINE, LLC,
    Defendant.

MEMORANDUM OPINION AND ORDER

Before the court is plaintiffs' motion for entry of default judgment (Doc. # 10). For reasons more fully expressed below, the court **GRANTS** plaintiffs' motion.

I. Factual and Procedural Background

The plaintiffs in this case are a group of employee benefit funds. See Complaint, pp. 1-2. The various funds are responsible for different types of benefit programs, such as pension, health, and training, to name a few. Plaintiffs allege that defendant, Elk River Pipeline, LLC ("Elk River") is delinquent in paying the full amount of hourly benefit contributions that it committed to paying to plaintiff funds under a National Pipeline Agreement and a National Distribution Agreement. See id. p. 6. The relevant time frame for the alleged delinquency is August 1, 2008 through May 31, 2009. Plaintiffs seek to recover the delinquent contributions, along with interest and liquidated damages, attorneys fees and the cost

1

of a financial audit. Id. pp. 4-5. Plaintiffs further seek (1) an injunction to prevent the defendant from requiring the laborers to perform further work until the defendant has paid its contributions in full; and (2) an injunction requiring the defendant to pay its delinquent contributions.[1] Id. p. 5.

Plaintiffs filed their Complaint with this court on June 25, 2009. Elk River failed to answer the Complaint and plaintiffs moved for an entry of default, which the Clerk of this court entered on August 25, 2009 (Doc. # 8). The plaintiffs then moved for an entry of default judgment pursuant to Federal Rules of Civil Procedure 55 on June 8, 2010 (Doc. # 10). The court held a hearing on plaintiffs' motion on January 4, 2011, in Charleston, West Virginia. Present at the hearing were the plaintiffs' attorney and Terry Gandee, the owner of Elk River. The January 4, 2011 hearing was Elk River's first appearance in this case.

At the beginning of the hearing, Mr. Gandee requested a twenty day continuance, citing an emergency scheduling conflict as the reason for his alleged attorney's absence. Plaintiffs' attorney had no objection to Mr. Gandee's request. The court granted Mr. Gandee's request for a continuance, and on January 5,

---

[1] Although plaintiffs initially requested injunctive relief in their Complaint, plaintiffs' attorney did not present any argument for injunctive relief at the February 28, 2011 hearing. In fact, the plaintiffs made no mention of injunctive relief at the hearing whatsoever, arguing only for monetary damages in the amount determined by Harris & Co.'s audit.

2011, the court entered an Order requiring Mr. Gandee's alleged lawyers to note their appearance in the case within twenty days (Doc. # 14).

On January 25, 2011, the court received a notice from Mr. Gandee's alleged lawyer informing the court that no attorney at his firm represents Elk River in this matter (Doc. # 17). By Order dated February 2, 2011, the court reset the hearing on plaintiffs' motion for entry of default judgment to Monday, February 28, 2011 (Doc. # 18). Mr. Gandee received a copy of the court's February 2, 2011 Order, as evidenced by the signed and dated return receipt card that has been made a part of the record (Doc. # 19). Nevertheless, Mr. Gandee failed to appear at the February 28, 2011 hearing.

Plaintiffs, West Virginia Laborers' Pension Trust Fund, West Virginia Laborers' Trust Fund, West Virginia Laborers' Profit Sharing Plan Trust Fund, and West Virginia Laborers' Training Trust Fund are non-profit organizations, each qualifying as an Employee Benefit Plan under the Employee Retirement Income Security Act ("ERISA"). Id. pp. 1-2. West Virginia Laborers' Local Nos. 1353 and 543 are labor organizations representing employees for collective bargaining purposes, both qualifying as a "union" under the Labor Management Relations Act ("LMRA"). Id. p. 2. West Virginia Laborers' Employers Cooperation and Education Trust, West Virginia Laborers' Organizing Fund, West

3

Virginia Laborers' Political League and West Virginia Laborers' District Council Political Action Committee are non-profit employee funds designed to receive employer contributions from Elk River.[2] Defendant Elk River is a West Virginia corporation doing business in the construction and maintenance industries. Id. p. 2.

An audit conducted by Harris & Company, CPAs, revealed the following arrearage as of February 28, 2011:[3]

| Total liability | $41,387.94 |
| Interest | $31,512.52 |
| Attorneys fees and costs | $4,883.51 |
| Audit costs | $2,351.00 |
| **Total** | **$80,134.97** |

The court has jurisdiction over this action pursuant to 29 U.S.C. §§ 1332(g) and 1145 (provisions of the ERISA statute), as

---

[2] Although the pleadings do not indicate that these parties are suing pursuant to a federal statute and that therefore their claims come within the court's federal question jurisdiction, the court is nonetheless satisfied that the court's supplemental jurisdiction under 28 U.S.C. § 1367 allows the court to consider these parties' claims as well. 28 U.S.C. § 1367(a).

[3] Plaintiffs submitted an affidavit from Steven P. Hardin, a certified public accountant with Harris & Company, stating that the damages amounts submitted to the court are "true and accurate, to the best of his knowledge, information and belief." See Plaintiffs' Exhibit 1, Subpart 5. Plaintiffs' attorney later submitted a sworn affidavit related to his attorney's fees and costs. For the sake of convenience, those figures have been included with the amounts due and owing to plaintiffs under the collective bargaining agreements.

4

well as 29 U.S.C. § 185 of the LMRA.

## II. Analysis

A. Liability

Where service on a defendant is validly effected under Federal Rule of Civil Procedure 4, and the defendant chooses not to plead or otherwise defend itself in an action, all of the averments in the complaint except those relating to damages are deemed admitted. See Fed. R. Civ. P. 8(b))(6); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (stating that "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); Branch Banking & Trust Co. v. Fowler, 2005 U.S. Dist. LEXIS 3799, at *6 (W.D. Va. Mar. 3, 2005).

The entry of default judgment under Federal Rule of Civil Procedure 55 is left to the discretion of the court. SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005). The Fourth Circuit Court of Appeals has a "strong policy" that "cases be decided on their merits." Id. (quoting United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993)). Default judgment may be appropriate, however, when the adversary process has been halted because of an essentially unresponsive party. Lawbaugh, 359 F. Supp. 2d at 421-22 (citing Jackson v. Beech, 205 U.S. App. D.C. 84, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In this case, defendant was validly served pursuant to

5

Federal Rule of Civil Procedure 4.  <u>See</u> Docs. # 2-5. Nonetheless, defendant has failed to answer, defend or substantially appear in this action.  Because Elk River has had ample notice of this pending lawsuit, but has taken no meaningful action, it is appropriate to grant plaintiffs' motion for default judgment.  <u>See</u> <u>Lawbaugh</u>, 359 F. Supp. 2d at 422.

B. Damages

Federal Rule of Civil Procedure 54(c) provides some limitation on courts' discretion to enter default judgment: "[A] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Damages may not generally be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts.  <u>See</u> <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979).  Courts may, however, award damages in situations in which they may be determined with certainty by reference to the pleadings and supporting documentation.  <u>James v. Frame</u>, 6 F.3d 307, 310 (5th Cir. 1993).

In the instant case, plaintiffs submitted spreadsheets showing contribution figures and interest calculations for amounts owed to each of the plaintiff entities.  <u>See</u> Plaintiff's Exhibit 1.  The spreadsheets were prepared with a high degree of particularity and with attention to detail.  In addition, the plaintiffs submitted a wide array of supporting documents to

6

establish liability on Elk River's part. Out of an abundance of caution, however, the court first scheduled the January 4, 2011, and then the February 28, 2011 hearing to give both sides an opportunity to present oral argument and offer evidence with respect to the motion. At the February 28, 2011 hearing, the court inquired of plaintiffs' attorney whether impaneling a jury would be necessary to determine any question of fact. After satisfying itself that there was no such questions for the jury, the court entered default judgment in the amount sought by the plaintiffs.

Having reviewed plaintiffs' supporting materials, as well as the record in this case, the court concludes that plaintiffs' calculation of costs, interest, and damages is accurate and that the submitted attorney's fees is reasonable. <u>See</u> 29 U.S.C. § 1132(g).

### III. Conclusion

For the reasons set forth above, plaintiffs' motion for default judgment (Doc. No. 10) is hereby **GRANTED**. The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and Mr. Terry Gandee by certified mail, return receipt requested, at Elk River Pipeline, LLC, Box 1122, Clendenin, WV 25045. The Clerk is further **DIRECTED** to remove this case from the court's active docket.

It is **SO ORDERED** this 31st day of March, 2011.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Elk River Pipeline, LLC
c/o Terry R. Gandee

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark
Here

Sent To Elk River Pipeline, LLC
c/o Terry R. Gandee
Street, Apt. No.;
or PO Box No. Box 1122
City, State, ZIP+4 Clendenin, WV 25045

PS Form 3800, August 2006      See Reverse for Instructions

7010 2780 0001 5249 0950